# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON FOG, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 19-2310-LPS-JLH ) |
| RYOBI TECHNOLOGIES, INC., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., and ONE WORLD TECHNOLOGIES, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Defendants filed a motion to dismiss Plaintiff's Amended Complaint on the basis that it fails to plausibly allege patent infringement. (D.I. 22.) I recommend that the Court deny the motion, not because I think that Plaintiff pleaded an infallible infringement theory, but because it's premature to make that determination at this stage, and Defendants have sufficient notice of Plaintiff's claim of infringement.

## I. BACKGROUND

Plaintiff Boston Fog LLC ("Plaintiff" or "Boston Fog") filed a Complaint for patent infringement against Defendant Ryobi Technologies Inc. on October 15, 2019 in the United States District Court for the District of New Hampshire. (D.I. 1.) On October 23, 2019, Plaintiff filed an Amended Complaint adding Defendants Techtronic Industries North America, Inc. and One World Technologies, Inc. (collectively with Ryobi Technologies Inc., "Defendants"). (D.I. 6.) On December 17, 2019, Plaintiff filed an unopposed motion to transfer the case to the United States District Court for the District of Delaware. (D.I. 18.) The case was transferred to this Court on December 20, 2019.

The Amended Complaint alleges infringement of United States Patent No. 9,414,580

("'580 patent"), entitled "Heatless and Cordless Fogging/Misting Apparatus Having a Low CFM DC-Powered Blower Motor and a Mixing Chamber for Ultra-Low Volume Atomized Fog." The specification describes a "portable fogger apparatus" that can be used, for example, to create a fog of insecticide for pest control. ('580 Patent, Abstract, col. 1:27-32.)



(*Id.*, Figs. 1-2.)

The Amended Complaint alleges that "Defendants have been and are still infringing at least claim 1 of the '580 Patent." (D.I. 6 at ¶ 22.) Claim 1 recites:

> **1**. A portable fog generating apparatus comprising:
>
> a portable fogger body having at least one airflow passageway;
>
> at least one battery positioned on the portable fogger body;
>
> a DC blower motor connected to the portable fogger body proximate to the at least one airflow passageway and receiving power from the at least one battery, wherein the DC blower motor produces an airflow through the at least one passageway;
>
> a mixing chamber positioned along the at least one passageway, the mixing chamber having sidewalls and a front wall connected to the sidewalls at a substantially perpendicular angle, wherein corners are formed between the sidewalls and the front wall, and wherein the front wall has an opening formed in a portion of the front wall, wherein at least a portion of the airflow is movable through the mixing chamber;

> a quantity of pressurized fogging liquid housed within a container connected to the portable fogger body, wherein at least a portion of the quantity of pressurized fogging liquid is dispensable from the container into the mixing chamber, wherein the dispensed portion of the quantity of pressurized fogging liquid is expelled through a nozzle and mixed with the airflow to produce at least one of a fog and a mist, wherein the nozzle is positioned substantially in a plane formed between the corners; and
>
> an activation switch controlling at least one of activation of the DC blower motor and dispensing of the portion of the quantity of pressurized fogging liquid.

('580 patent, cl. 1.)

On January 3, 2020, Defendants moved to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (D.I. 22.) The motion was fully briefed as of January 31, 2020. (D.I. 23, 26, 29.)

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss for Failure to State a Claim

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining the sufficiency of the complaint under the plausibility standard, all "well-

pleaded facts" are assumed to be true, but legal conclusions are not. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal marks omitted).

### B. Direct Infringement

A complaint sufficiently pleads direct patent infringement when it puts the defendant "on notice of what activity . . . is being accused of infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)); *see also BioMérieux, S.A. v. Hologic, Inc.*, No. 18-21-LPS, 2018 WL 4603267, at *3 (D. Del. Sept. 25, 2018). There is no requirement that the plaintiff "plead facts establishing that each element of an asserted claim is met." *Nalco*, 883 F.3d at 1350 (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1335 (Fed. Cir. 2012)).[1]

The Federal Circuit has further directed that, at this stage of the litigation, the plaintiff is "entitled to all inferences in its favor on its theory [of infringement]." *Id.* at 1349. And district courts have been cautioned against resolving claim construction disputes at this stage. *Id.* (reversing the district court's dismissal because "Defendants' arguments boil down to objections to [Plaintiff's] proposed claim construction . . . , a dispute not suitable for resolution on a motion to dismiss").

---

[1] Before *Nalco*, it was unclear how the abrogation of Form 18 from the Federal Rules of Civil Procedure in 2015 affected the requirements for pleading direct infringement (as set forth in *Bill of Lading* in 2012). *Nalco* restated the holding in *Bill of Lading* that element-by-element factual allegations are not required. *Nalco*, 883 F.3d at 1347 n.2, 1350; *see also BioMérieux, S.A. v. Hologic, Inc.*, No. 18-21-LPS, 2018 WL 4603267, at *3 (D. Del. Sept. 25, 2018) (quoting *Nalco*); *CoolTVNetwork.com, Inc. v. Facebook, Inc.*, No. 19-292-LPS-JLH, 2019 WL 4415283, at *3 n.6 (D. Del. Sept. 16, 2019) (same).

On the other hand, it is not improper for a district court to dismiss an infringement claim when there are no relevant facts in dispute and, in the context of the case, it is clear as a matter of law that the defendant cannot infringe. *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141-42 (Fed. Cir. 2018) (affirming dismissal when the claims required a "book holder," the defendants' products were cameras, and prosecution history estoppel barred a finding of infringement under the doctrine of equivalents); *Amgen Inc. v. Coherus Biosciences Inc.*, No. 17-546-LPS-CJB, 2018 WL 1517689, at *4 (D. Del. Mar. 26, 2018) (dismissing direct infringement claim when the plaintiff admitted there was no literal infringement and the undisputed facts established as a matter of law that prosecution history estoppel applied, which precluded a finding of infringement under the doctrine of equivalents), *aff'd*, 931 F.3d 1154 (Fed. Cir. 2019); *Cumberland Pharm. Inc. v. Sagent Agila LLC*, No. 12-825-LPS, 2013 WL 5913742, at *3 (D. Del. Nov. 1, 2013) (dismissing an infringement claim when the patent expressly required a formulation "free of a chelating agent," and the accused product admittedly contained a chelating agent).

## III. DISCUSSION

Defendants argue that Plaintiff's Amended Complaint should be dismissed for failing to plausibly plead patent infringement. (D.I. 23 at 5.) I disagree.

The Amended Complaint identifies a specific product that allegedly infringes the '580 patent: the "Defender Chemical Fogger/Mister" sold under the brand name Ryobi. (D.I. 6 ¶¶ 13, 22.) The Amended Complaint further alleges that the accused product is "described [by Defendants] as a portable versatile fogger for spraying fungicides, herbicides, insecticides, and other treatment solutions." (*Id.* ¶ 13.) And the Amended Complaint refers to the attached Exhibit B, which contains a screenshot of a website selling the accused product:



(*Id.*, Ex. B.)

Regarding infringement, the Amended Complaint alleges that "each element of claim 1 is present in the Accused Product" and cites to the attached Exhibit C. (D.I. 6 at ¶ 22.) Exhibit C is a claim chart that sets forth each limitation of claim 1 and identifies where the limitation is alleged to be found in the accused Defender Chemical Fogger/Mister. (*Id.*, Ex. C.)

Claim 1 is not complicated, and Plaintiff's claim chart is largely straightforward. In addition to specifically identifying a product and pointing to where each claim limitation is allegedly present in the product, the Amended Complaint also alleges that Defendants "have been and are still infringing at least claim 1 of the '580 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling the Accused Product." (*Id.* at ¶¶ 13-15, 22.) Under these circumstances, Defendants have been put "on notice of what activity . . . is being accused of infringement." *Nalco*, 883 at 1350; *see also Disc Disease Sols. Inc. v. VGH Sols.*, Inc., 888 F.3d 1256, 1260 (Fed. Cir. 2018) (finding claim of direct infringement sufficiently pled to "provide [defendants] fair notice of infringement" where complaint specifically identified accused products

that allegedly met "each and every limitation" of at least one claim).

In their motion to dismiss, Defendants argue that the accused product does not meet the "mixing chamber" element. In particular, Defendants argue that the identified mixing chamber of the accused product "is circular shaped and has an open face," and therefore does not meet the limitations of a "front wall connected to the sidewalls at a substantially perpendicular angle, wherein corners are formed between the sidewalls and the front wall, and wherein the front wall has an opening formed in a portion of the front wall." (D.I. 23 at 5; D.I. 29 at 5-7; '580 Patent, cl. 1.) Defendants acknowledge that the Amended Complaint identifies where each of the limitations, including the "front wall," is alleged to be found in the accused product, but argue that "it is readily apparent" that the accused product does not meet those limitations. (D.I. 23 at 10-12; *see also* D.I. 29 at 5.)

Defendants' arguments, however, "read like classic *Markman* arguments" which are "not suitable for resolution on a motion to dismiss." *Nalco*, 883 F.3d at 1349. For example, Defendants argue that the "front wall," "sidewalls," "corners," and "opening" limitations are not met because "[t]he recitation of separate claim limitations requires 'separate structures'" and Plaintiff's pictorial claim chart fails to explain how those limitations are met by separate structures. (D.I. 29 at 4-7 (citing *Becton, Dickinson & Co. v. Tyco Healthcare Grp., LP*, 616 F.3d 1249, 1255 (Fed. Cir. 2010).) But, as is clear from the case cited by Defendants, the question of whether a claim requires "separate structures" is one of claim construction.[2] *See Becton, Dickinson & Co.*, 616

---

[2] Defendants' arguments also appear premised on comparing the accused product with the figures of the patent. (D.I. 23 at 12 (arguing that the accused device "stands in stark contrast to the fogging/misting apparatus described and illustrated by the '580 patent[,]" pointing to "the patent's figures").) Whether the structures shown in the figures of a patent should be imported into the claim or used to interpret the claim language is another issue of claim construction. *See, e.g., Blackbird Tech LLC v. ELB Elecs., Inc.*, 895 F.3d 1374, 1377-78 (Fed. Cir. 2018) (reversing district court claim construction based on an embodiment in a figure described in the specification

7

F.3d at 1253-55 (applying claim construction principles to determine the asserted claim required a separate "spring means" and "hinged arm").

A scheduling order is forthcoming, and Plaintiff will soon be required to file more detailed infringement contentions. (*See* D.I. 36.) The scheduling order will also govern the timing of the claim construction process, and Defendants will be free to re-raise their arguments at that time.

## IV. CONCLUSION

For the reasons set forth above, I recommend that Defendants' Motion to Dismiss (D.I. 22) be DENIED.[3]

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B),(C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.

---

as "exemplary and non-limiting"); *Altair Eng'g, Inc. v. LEDdynamics, Inc.*, 413 F. App'x 251, 254-55 (Fed. Cir. 2011) (affirming district court's reliance on the patent figures to construe the term "closely-spaced"); *see also Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1348 (Fed. Cir. 2012) (reviewing the patent's figures in interpreting the claim term "free").

[3] Defendants' request for oral argument (D.I. 30) is DENIED. Plaintiff's Motion for Leave to File a Sur-Reply (D.I. 33) is DENIED as moot.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated October 9, 2013, a copy of which can be found on the Court's website.

Dated: March 31, 2019

                                            Jennifer L. Hall
                                            UNITED STATES MAGISTRATE JUDGE